## Smith *v.* Packard & *a.* and Trustee.

If a policy of insurance upon mortgaged property be assigned to the mortgagee as collateral security, any sum of money, to which, as such assignee, he may become entitled by the destruction of the insured property before the foreclosure of the mortgage, is applicable to the payment of the debt, and as to the remainder he is the trustee of the mortgager.

If a mortgagee foreclose his mortgage, his debt becomes, by that act, extinguished to the extent of the value of the land at the time of the foreclosure; and any other things which he may hold as collateral security for the debt becomes thereby exonerated to the same extent.

Whether one in whom a mortgage and the equity of redemption have united, who also takes and retains other security for the debt, may be required by the debtor to apply the value of the land towards extinguishing the debt, before resorting to the other fund, of which the general property remains in such debtor, *quære.*

Foreign Attachment. It appeared from the disclosure of the trustee that the principal defendant, on the 16th of

April, 1846, conveyed a parcel of land, with the buildings thereon, to John C. Pillsbury and Stephen Pillsbury in mortgage, to secure the payment of two promissory notes for $500 each; that Stephen Pillsbury assigned to John C. Pillsbury his interest in the mortgage Nov. 18, 1846, and that John C. Pillsbury assigned the mortgage to the trustee on the 13th of April, 1847.

That on or about the 6th of April, 1847, the trustee purchased for $21, at a sale on execution, the equity of redemption in the mortgaged premises, and that the time of redeeming the property from that sale had expired at the date of the disclosure.

The trustee further disclosed that the mortgage was foreclosed on the 8th day of August, 1847.

The defendants, on the 28th day of July, 1846, having a policy of insurance in the N. E. M. Fire Ins. Co. for $1300 on the shop and fixed machinery upon the premises, $550 on the movable machinery, tools and shop furniture, and $150 on stock in trade, assigned the same to Stephen and John C. Pillsbury before mentioned, as collateral security for the performance of the condition of the mortgage, the payment, that is to say, of the two notes for $500.

Stephen Pillsbury assigned his interest in this policy to John C. Pillsbury on the 20th of November, 1846, and he, on the 13th of April, 1847, assigned the same to the trustee.

The assignments are in these words:

" Having mortgaged the buildings within mentioned, and the land whereon they stand, to John C. Pillsbury and Stephen Pillsbury of Derry, in the county of Rockingham, we hereby assign to them the within policy, to hold as collateral security for the performance of the condition of said mortgage.

PACKARD & PILLSBURY.

Dated July 28, 1846."

" Having assigned and transferred all my interest, by

Smith *v.* Packard.

mortgage or otherwise, to William W. Baker of Manches-
ter, I do hereby assign this policy to him, with all its bene-
fits and liabilities. In witness whereof I have hereunto set
my hand, the thirteenth day of April, 1847.

JOHN C. PILLSBURY."

The buildings insured were burned between the 9th and
10th of June, 1847, and in the month of September, 1848,
the trustee received of the company $1322.04, together with
costs of a suit instituted by him to recover the sums insured.

*W. C. Clarke*, for the plaintiff.

*D. Clark* and *Whipple*, for the trustee.
The policy is made incident to the land and to the mort-
gage. The estate became absolute in the trustee, and the
title to the policy became absolute at the same time. The
parties have, in this case, made it so.

The fire was in June 9th and 10th, and the foreclosure
complete on the 8th of August. The right of redeeming
remained to that time, but was not exerted. A pledger
may waive his right to redeem. Story Bailm. 235.

WOODS, J. On or about the 6th of April, 1847, the trustee
bought up, at a sheriff's sale, for $21, the equity of redemp-
tion in the lands and buildings, mortgaged by the defen-
dants, about a year previously, to John C. and Stephen
Pillsbury, and on the thirteenth of the same month, took an
assignment of the mortgage, and of a policy of insurance
upon the buildings, as collateral to the mortgage, for the
security of the debt; or, in the words of the assignment,
from the defendants to the parties under whom the trustee
holds, " as collateral security for the performance of the con-
dition of the mortgage."

The buildings protected by the insurance were consumed
by fire, on the 9th and 10th of June, and the mortgage fore-
closed on the 8th of August following.

The sum of $1,322, to which the rightful holder of the policy became entitled, by the casualty of the 9th and 10th of June, was afterwards paid over to the trustee, and exceeded somewhat the amount of the notes and interest secured by the mortgage and the assignment of the policy.

The question that is made is, whether this trustee is chargeable at the suit of the creditors of the defendants by reason of the premises.

It may be presumed that the trustee, in taking an assignment of the policy of insurance simultaneously with the assignment of the mortgage, furnishes evidence that the latter was bought as and for a security for the debt, and not for the purpose of being merged in the equity of redemption which he then held, and of consummating his title to the land ; and that evidence is confirmed by his statement that the mortgage was foreclosed on the 8th of August following. Thus it appears that, by his own intent and understanding, he held both the land and the policy from the 13th of April till the 8th of August, at least, not as his own, but as security for the payment of the debt of $1,000, due from the defendants.

Whether the defendants, since they had lost the right of redemption or general property in the land, could in equity have required the trustee first to exhaust that fund towards the payment of his debt, before applying the avails of the policy, supposing their interest in the latter to have still existed, need not be determined now, because, in point of fact, he did foreclose the mortgage before realizing any part of the avails of the policy. And this he did voluntarily, by adopting, in the act of purchasing the mortgage, the proceedings then in progress to that end.

By this foreclosure, the debt became extinguished, to the extent of the value of the land at the moment of foreclosure. Such is the familiar and well established law on that subject. What the value of the land at that moment was, need not, at this time, be inquired, nor whether any evidence

to conclude the trustee in that regard, is to be derived from his own act in purchasing the equity of redemption, at a price somewhat too large to be deemed merely nominal. The land finally came to him, depreciated to a considerable amount, by the destruction of the buildings.

To provide against this very event, the policy of insurance had been assigned to him, not absolutely, but as a security for his debt, in case the event should happen while the debt existed, which alone could entitle any one to receive any thing upon the policy. If the words of the assignment had been less plain and significant in that particular, it would be difficult for any one to be convinced that the parties to that act, intended or expected any thing different, and that the mortgagee, whose utmost claim did not exceed $1,000 and interest, should appropriate the entire avails of the policy, which might have amounted to nearly twice that sum.

Upon the burning of the buildings, therefore, the trustee became entitled to receive of the company the stipulated indemnity. He did receive it, not for his own use, but in trust, after satisfying the objects for which the power to receive it was committed to him, for the defendants, the general owners of it. This object was, as has been shown, the payment of so much of the debt as should remain unpaid upon the foreclosure of the mortgage, deducting from the debt and its incidents the value of the land at the time of the foreclosure.

We are unable to admit the proposition in the argument, that the title to the policy attended the title to the land, vesting and becoming absolute when that vested and became absolute.

It passed not because the land passed from party to party, but by virtue of the assignments alone, and, of course, not otherwise than as they provided. The policy was originally the property of these defendants, and might, for any thing that appears in the case, have remained theirs, notwith-

standing the mortgage, for a mortgager has unquestionably an insurable interest in property mortgaged. But whatever the terms of the policy might or might not have permitted, it is clear that no greater interest in the policy than was actually assigned by these defendants, could have passed to the other parties, and this interest was simply that of a pledge.

On the whole, we see no ground to doubt that but for this suit, the defendants might have recovered of the trustee the excess of the money which he received upon the policy, after satisfying the balance remaining due to him, over and above the value of the land at the time of the foreclosure.

The trustee is, therefore, chargeable in this suit, to that extent.

*Trustee chargeable.*